# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-20355
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALEX AHMED KASSEM,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-177-1

---

Before BARKSDALE, GRAVES, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Following a jury trial, Alex Ahmed Kassem was convicted of: attempted possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (prohibiting attempt and conspiracy) and 841(a)(1) (prohibiting possession with intent to distribute), (b)(1)(a) (setting penalty); and attempted money laundering, in violation of 18 U.S.C.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20355

§ 1956(a)(3)(B). He was sentenced to 121-months' imprisonment. Proceeding with new counsel on appeal, Kassem contends his trial counsel was ineffective by calling a witness whose testimony significantly undermined his public-authority defense.

The record, however, is not sufficiently developed to evaluate Kassem's ineffective-assistance-of-counsel (IAC) claim on appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). He did not present an IAC claim in district court, nor did the court hold a hearing or make factual findings. *E.g.*, *United States v. Garcia*, 567 F.3d 721, 729 (5th Cir. 2009) ("The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." (citation omitted)). Accordingly, we decline to address his IAC claim without prejudice to his right to present it in a 28 U.S.C. § 2255 motion. *See Isgar*, 739 F.3d at 841.

AFFIRMED.

2